Jacquelyn M. Hughes
HUGHES LAW, P.L.L.C.
1690 Rimrock Rd. Ste. F
Billings, MT 59102
jhughes@hugheslawmt.com
406-850-1239

| | |
|---|---|
| JACQUELYN M. HUGHES,<br><br>             Plaintiff,<br>   vs.<br><br>MID-CENTURY INSURANCE COMPANY,<br><br>             Defendants. | Cause No. **CV-25-27-BLG-TJC**<br>Judge:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff and for her Complaint against Defendant Mid-Century Insurance Company alleges and avers as follows:

## PARTIES

1. Plaintiff is a resident of the State of Montana.

2. At all times relevant hereto Defendant Mid-Century Insurance Company was a foreign corporation doing business in the state of Montana.

## FACTS COMMON TO ALL COUNTS

3. Plaintiff was involved in an interstate roll-over on April 23, 2014 in the State of North Dakota.

4.      The accident occurred when Plaintiff's then spouse, Eric Anderson, swerved to miss a deer, causing the family vehicle to roll.

5.      Hughes paid the policy premiums for the insurance policy that covered the family's 2005 Ford Escape.

6.      Swerving to miss a deer is negligence per se in the State of Montana.

7.      Plaintiff suffered numerous health issues in the years after the accident, and for which

8.      Despite inquiries to medical providers as to whether the accident could be a cause of her medical condition, Plaintiff received various diagnosis that were not accident related such as sleep apnea, strep throat, idiopathic hypersomnia, extreme sensitivity to iron deficiency and chronic hives.

9.      In September of 2019, Plaintiff and Anderson sought treatment at Mayo Clinic where Plaintiff received a diagnosis of fibromyalgia.  At that time, Plaintiff's diagnosing provider indicated that Plaintiff's condition could be caused by trauma, such as an auto accident.

10.     Plaintiff subsequently filed suit on April 23, 2020, which was a date to which Anderson agreed.

11.     Mid Century hired Calvin J. Stacey to investigate Plaintiff's claim. Stacey spent seven months claiming he was attempting to obtain medical records

and review a very voluminous file. He never collected a single medical record before denying a policy limits demand.

12.     Despite the obvious liability Stacey created for Mid-Century by denying a policy limits demand without conducting any investigation, Mid Century retained Cal Stacey and Morgan Sorena to represent Eric Anderson with respect to *Hughes vs. Anderson*, Thirteenth Judicial District Court, DV-56-2020-0635-PI.

13.     Once Stacey denied the policy limit demand without investigating the case, Stacey became focused on discrediting and destroying Plaintiff to mitigate the damage done to Mid-Century. Mid-Century was copied on most communications and knew what was going on, but never had anyone other than Stacey conduct an independent neutral evaluation of Plaintiff's claim.

14.     Mid-Century was expressly asked to find counsel that was capable of acting in Anderson's best interest rather than in Stacey and Mid-Century's best interest. It refused to do so.

15.     Mid Century was expressly asked not to allow its attorneys to act in a way that caused conflicts between Hughes and Anderson as they coparent a minor child. Despite this request, it's attorneys pursued courses of action that did raise issues between the two parties, courses of action to which Anderson did not consent.

16. In an effort to alleviate the damage done to the insurance company that pays his bills, Stacey and Sorena abandoned acting in Anderson's best interest, made representations that Stacey and Sorena knew to be false, and acted in the best interests of Mid-Century rather than Anderson's, disregarding Anderson's interests and falsely representing his positions to the Court.

17. It was pointed out to Defendant, Stacey and Sorena that Hughes was both a third party claimant and an insured but Defendant continued to act as though it did not owe first party duties to Hughes.

18. When the insurer, rather than the insured, controls litigation, an agency relationship between counsel and the insurer exists and the insurer can be held liable for the actions of the attorneys purportedly defending the insured.

19. The insurer is not entitled to any control over litigation, including pre-authorizing various litigation strategies or directing any aspect of litigation. Defense counsel for an insured is to act for the good of the insured, regardless of the wishes, orders or directions of the insurer.

20. In *Hughes vs. Anderson*, Stacey and Sorena acted at the direction of Defendant Mid Century rather than Anderson.

21. Numerous positions were taken by Stacey and Sorena for which Stacey and Sorena which were not supported by their client, but were for the sole purpose of benefitting Defendant Mid-Century Insurance.

22. Numerous court filings were submitted without authorization of Anderson, and containing statements which Anderson advised his attorneys were false. Anderson was advised it wasn't his choice.

23. Ultimately, Stacey and Sorena sought complete dismissal, making numerous false statements to the district court and the Montana Supreme Court, and which both courts relied upon in dismissing Plaintiff's auto accident claim.

24. From the time Stacey was hired to investigate Plaintiff's claim until the claim was dismissed, Stacey and Sorena acted as agents of Mid-Century rather than attorneys acting in the best interest of Anderson, and thus, Mid-Century is liable for the entirety of Stacey and Sorena's misconduct.

## COUNT I
## FRAUD

25. Plaintiff realleges all allegations previously set forth all allegations previously stated herein.

26. A third party claimant who has suffered damages as a result of the insurer's conduct may bring a claim for bad faith or for fraud. A settlement or judgment in favor of the third-party claimant is not a pre-requisite to a fraud claim.

27. Throughout the investigation and litigation of Plaintiff's claim, Stacey and Sorena made numerous false statements to the Court.

28. Those statements were material to the decisions made by the Court.

29. Stacey and Sorena knew these statements to be false.

30. Stacey and Sorena intended for the Court to rely on their falsified statements about their client's position and the facts available to them.

31. The district court and the Montana Supreme Court accepted these statements as true. Given the duty of honesty imposed by the Montana Rules of Professional Conduct, the Court had a right to rely on the information presented by Stacey and Sorena and did, in fact, rely on Stacey and Sorena's representations.

32. Stacey and Sorena's intent was to deprive Plaintiff of the benefits of an insurance policy she purchased and mitigate the damage Stacey caused Mid Century by failing to conduct a reasonable investigation into Plaintiff's claims pre-litigation.

33. Plaintiff suffered damages as a result of the misrepresentations Stacey and Sorena made on behalf of Defendant.

## COUNT II
## FIRST PARTY BAD FAITH

34. Plaintiff incorporates all allegations previously incorporated herein.

35. As Plaintiff paid the premiums for the policy covering the family vehicle, she is Mid Century's insured.

36. Defendant owed Plaintiff the duties set forth in Mont. Code Ann. § 33-18-201.

37. There is no exception to Defendant's duties to insureds just because a claim is in litigation.

38. Defendant violated numerous duties set forth in Mont. Code Ann. § 33-18-201.

39. As Plaintiff paid the policy premiums for the auto liability coverage pertaining to the April 23, 2014 accident, she is both a third-party claimant and an insured.

40. An insured who has suffered damages as a result of the insurer's violation of the Unfair Trade Practices Act is not required to obtain a settlement or judgment in her favor prior to bringing a bad faith action.

41. Plaintiff was damaged by Defendants violation of Mont. Code Ann. § 33-18-242.

## COUNT III
## PUNITIVE DAMAGES

42. Plaintiff incorporates all prior statements as though fully stated herein.

43. The conduct at issue in this *Complaint* meets the definition of actual fraud or actual malice.

44. Plaintiff is entitled to punitive damages for Defendant's fraudulent and bad faith conduct in handling Plaintiff's claims.

**WHEREFORE,** Plaintiff respectfully requests the following relief from this Court:

1. For damages in a reasonable amount to compensate Plaintiff fully for Defendant's actions.

      2.      For damages in a reasonable amount to compensate Plaintiff fully for past, present and future physical and mental injury, lost wages, pain and suffering, and other such compensatory damages as may be appropriate in this case;

      3.      For punitive damages against Defendants;

      4.      For reimbursement of costs and expenses of suit, including attorney fees;

Dated this 28th day of February 2025.

                      HUGHES LAW, P.L.L.C.

                      By: /s/ Jacquelyn M. Hughes
                      Jacquelyn M. Hughes